UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY J. HERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1232** |
| **DET. JOSEPH DEWHIRST, ET AL.** | **SECTION "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Gregory J. Hernandez, a federal pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He named as defendants Detective Joseph Dewhirst, Sheriff Greg Champagne, Warden Roland Ladreyt, and District Attorney Harry J. Morel, Jr.

According to the complaint, plaintiff was arrested by state authorities on July 27, 2010. He claims that the arrest was illegal because the arresting officer lacked valid probable cause and because the arrest was made outside of the officer's jurisdiction. That arrest resulted in plaintiff being charged with various federal crimes, and the federal criminal proceedings are currently ongoing.

### I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

2

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

## II. Plaintiff's Claims

### A. Claims Against Sheriff Greg Champagne and Warden Roland Ladreyt

Plaintiff has named Sheriff Greg Champagne and Warden Roland Ladreyt as defendants in this lawsuit. Plaintiff does not indicate whether those defendants are being sued in their official capacities, their individual capacities, or both. However, regardless of plaintiff's intent, no claim has been properly stated against the defendants in any capacity.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir.

1999). Accordingly, official-capacity claims against these defendants would in reality be claims against the local governmental entity they serve. The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not even allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Therefore, no official-capacity claim has been properly stated against either of these defendants.

To the extent that plaintiff intended to assert individual-capacity claims against these defendants, he has again failed to state a proper claim. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.

4

This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes no factual allegations whatsoever against Champagne or Ladreyt or allege that they were in any way personally involved in the events giving rise to plaintiff's claims. Therefore, no individual-capacity claim has been properly stated against either of these defendants.[2]

### B. Claims Against District Attorney Harry J. Morel, Jr.

Plaintiff has also named District Attorney Harry J. Morel, Jr., as a defendant. Plaintiff likewise makes no allegations against Morel in the complaint, and it is unclear whether Morel played any role in the events challenged herein. However, even if Morel played such a role, plaintiff has not stated a cognizable claim against Morel in either his official or individual capacity.

As to any claim against Morel in his official capacity, the United States Fifth Circuit Court of Appeals has held:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

---

[2] Moreover, Court notes that these defendants cannot be held vicariously liable for the actions of others pursuant to 42 U.S.C. § 1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

5

Burge, 187 F.3d at 470.  As previously noted, such a claim against a local government unit requires that a plaintiff allege that the deprivation of his rights was caused by an official policy or custom. Again, plaintiff makes no such allegation in this lawsuit.

As to a claim against Morel in his individual capacity, any such claim is barred by absolute prosecutorial immunity.  Prosecutorial immunity protects prosecutors against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

### C.  Claims Against Detective Joseph Dewhirst

Plaintiff has also named Detective Joseph Dewhirst as a defendant.  Plaintiff makes no factual allegations against Dewhirst by name, although the Court assumes that Dewhirst may have been the arresting officer.  However, even if that assumption is correct, the claim against Dewhirst cannot proceed at this time.

If plaintiff had already been convicted on the criminal charges in this case, this Court would be barred from considering his claims by Heck v. Humphrey, 512 U.S. 477 (1994).[3]  However,

---

[3]   In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

6

plaintiff is currently awaiting trial on the charges, and the United States Supreme Court has held that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original). Nevertheless, the Supreme Court made clear that does not mean that federal courts should forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

---

> conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). Heck bars a false arrest claim brought by a convicted prisoner until such time as he obtains a favorable disposition on the underlying criminal charges. See Wallace v. Kato, 549 U.S. 384, 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). Out of an abundance of caution, and because plaintiff's complaint is somewhat unclear, the Court notes that Heck likewise generally bars a related illegal search and seizure claim. See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002); Jordan, 2009 WL 2900013, at *2 n.4.

7

Id. at 393-94 (citations omitted). Therefore, under that reasoning, plaintiff's claims against Dewhirst should be stayed until such time as the criminal proceedings are concluded.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Sheriff Greg Champagne and Warden Roland Ladreyt be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It **FURTHER RECOMMENDED** that plaintiff's claims against District Attorney Harry J. Morel, Jr., be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It **FURTHER RECOMMENDED** that plaintiff's claims against Detective Joseph Dewhirst be **STAYED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claims against Dewhirst may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-eighth day of June, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.